# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. <u>1:16-CV-228</u>

LEVI HOLDEN,

     Plaintiff,

v.

KOAA TV CHANNEL 5 & 30, a Colorado corporation,
CORDILLERA COMMUNICATIONS, INC, a Kentucky Corporation,
EVENING POST INDUSTRIES, a South Carolina Corporation,
NBC UNIVERSAL, INC, a New York Corporation, and
COMCAST, a Pennsylvania Corporation,
MATTHEW LEE PRICHARD, individually and in his official capacity as an employee of
     KOAA TV,
RONALD RAYMOND ECCHER, individually and in his official capacity as an employee of
     KOAA TV,
ELAINE MICHELLE SHERIDAN a.k.a. ELAINE MICHELLE MEIGS, individually and in
     her official capacity as an employee of KOAA TV,
CONSTANCE O'NEIL MURPHY, individually and in her official capacity as an employee of
     KOAA TV,
KELLY ANN DUFFY, individually and in her official capacity as an employee of KOAA TV,
LISA LYDEN, individually and in her official capacity as an employee of KOAA TV.

     Defendants,

---

# COMPLAINT FOR DAMAGES

---

Plaintiff, Levi Holden ("Plaintiff"), by and through his counsel, Matthew L. Schneider and Laurel Byrnes, for his Complaint against the above named defendants, states and alleges as follows:

## PARTIES

1.      Plaintiff, Levi Holden, born on October 13, 1999, was a resident and citizen of the State

of Colorado, having a resided at 2105 W. 17th St., Pueblo, CO, 81001 at the time of the

allegations.  Currently Levi Holden is residing in South Carolina, with a mailing address of

P.O. Box 934, Hollywood, SC, 29449.

2.      Defendant KOAA TV Channel 5 & 30 ("KOAA") is a Colorado Corporation, doing

business in Colorado, filed on June 1st 1976.  KOAA's principal address is 5520 Tech Center

Drive, Colorado Springs, Colorado, 80919.  KOAA's Pueblo Office is located at 2200 7th

Avenue, Pueblo, Colorado, 81003.

3.      Defendant Cordillera Communications, Inc. ("Cordillera") is a Kentucky Corporation,

which owns KOAA.  Cordillera's principal address is 134 Columbus St. Charleston, SC

29403.

4.      Defendant Evening Post Industries ("Evening Post") is a Couth Carolina Corporation,

which owns Cordillera Communications, Inc.  Evening Post's principal address is 134

Columbus Street, Charleston, South Carolina, 29403.

5.      Defendant NBC Universal, Inc. ("NBCU") is a Subsidiary of Comcast, KOAA is an

affiliate of NBC and utilizes NBC's Broadcasting network for distribution of news content..

NBCU's principal place of business is 30 Rockefeller Plaza, New York, New York, 10112.

6.      Defendant Comcast ("Comcast") is a Pennsylvania Corporation, which owns NBC

Universal.  Comcast's principal place of business is One Comcast Center, Philadelphia,

Pennsylvania, 19103.

7.      Defendant Matthew Lee Prichard ("Prichard") is a reporter with KOAA – TV.  Prichard resides at 3950 Statnton St. Colorado Springs, CO 80907.

8.      Defendant Ronald Raymond Eccher ("Eccher") was a Program Director for KOAA – TV. Eccher resides at 108 Baylor St. Pueblo, CO 81005.

9.      Defendant Elaine Michelle Sheridan a.k.a. Elaine Michelle Meigs ("Sheridan") is an Assignment Manager for KOAA – TV.  Sheridan resides at 1005 7th Street, Penrose, CO 81240.

10.     Defendant Constance O'Neil Murphy ("Murphy") was a Content New Manager for KOAA – TV.  Murphy resided at 10800 State Highway 151, Apt. 1111, San Antonio, TX 78251.

11.     Defendant Kelly Ann Duffy ("Duffy") is a News Director at KOAA – TV.  Duffy resides at 12642 Timberglen Ter. Colorado Springs, CO 80921.

12.     Defendant Lisa Lyden ("Lyden") is a News Anchor at KOAA – TV.  Lyden resides at 4240 Reserve Pt. Colorado Springs, CO 80904.


## JURISDICTION

13.     This Court has proper Jurisdiction because of Diversity and Federal Question.

14.     DIVERSITY JURISDICTION:   The Plaintiff is alleging damages in excess of $75,000.00.  The Plaintiff and Defendants are located across multiple states (as illustrated in paragraphs one (1) through twelve (12) above and incorporated herein), and while the primary events took place in Pueblo County Colorado, the damaging images were published nationally on television as well as on the Internet.

15.     FEDERAL QUESTION:   The Plaintiff is bringing claims under United States Code (U.S.C.) Title 18, Sections 2252 and 2255.   These sections are Federal Statute and no State Court has authority or Jurisdiction to review them.

## VENUE

16.     Venue is proper in the District of Colorado, because a substantial part of the events or omissions giving rise to the claims in this matter occurred in Colorado, and several key witnesses, including all named individual Defendants, reside within Colorado.

## SUMMARY

17.     On February 24th 2014, the Defendants prepared, recorded, and aired a news broadcast that aired at 5:00 p.m., which depicted an image of the erect penis of the Plaintiff, who was only fourteen (14) years old at the time.   The image was aired with Plaintiff's name directly above the image.   Defendant's also, as part of the same story aired an image of Plaintiff's Facebook page showing his contacts and friends.   The news story was aired locally in Pueblo and southern Colorado as well as on NBC's Broadcasting airways and online at KOAAs website.

## BACKGROUND FACTS & ALLEGATIONS

18.     In February of 2014, the Plaintiff lived at 2105 West 17th Street, Pueblo, Colorado, 81001.

19.     In February of 2014, the Plaintiff was only fourteen (14) years old.

20.     In February of 2014, the Plaintiff Levi Holden was residing with this father Elijah Holden and Elijah Holden's girlfriend Heather Richardson, a.k.a. Heather Holden.

21.     On February 24th 2014, Heather Richardson, a.k.a. Heather Holden, contacted Defendant KOAA with a story about Plaintiff Levi Holden being blackmailed.

22.     On February 24th 2014, Defendant KOAA sent Defendant Prichard to the Plaintiff's home at 2105 West 17th Street, Pueblo, Colorado to investigate and report on the story.

23.     Defendant Prichard was told by Elijah Holden, Heather Holden, and the Plaintiff about the blackmail attempt and knew that it involved sexually explicit material of a fourteen (14) year old boy.

24.     Defendant Prichard filmed an interview about the incident with Elijah Holden on February 24th 2014 in Elijah Holden's home located at 2105 West 17th Street, Pueblo, Colorado.

25.     Defendant Prichard collected images of Plaintiff's Facebook page, as well as images of the Youtube page where the blackmail video was posted.

26.     Plaintiff's Facebook page images listed his name as well as the names of his contacts, family, and friends.

27.     The collected thumbnail image of the Youtube video depicted Plaintiff's erect penis.

28.     Plaintiff's name was directly above the collected thumbnail image of the Youtube video as part of the video's title.

29.     Plaintiff and Plaintiff's father Elijah Holden both requested that Levi's name be kept confidential through any report presented by Defendant KOAA.

30.     Defendant Prichard took the interview and collected material back to the Pueblo office for Defendant KOAA.

31.     Defendant KOAA aired the news story on February 24th 2014, at 5:00 p.m.

32.     Defendant KOAA aired the thumbnail image of the Youtube video depicting Plaintiff's erect penis and his name as a part of the story shown on February 24th 2014.

33.     Defendant KOAA aired Plaintiff's Facebook page as an unedited image in the news story aired on February 24th 2014.

34.     The news story aired by Defendant KOAA on February 24th 2014 was broadcast on Defendant NBC Broadcasting's broadcast network with the NBC logo displayed during the broadcast of the news story.

35.     Defendant Prichard knew or should have known that the images collected for the story he reported on contained images of Plaintiff's erect penis, Plaintiff's name, and Plaintiff's contacts, family, and friends.

36.     Defendant Prichard, as a Reporter for KOAA in February 2014, knew or should have known the content being aired on February 24th 2014 contained images of Plaintiff's erect penis, Plaintiff's name, and Plaintiff's contacts, family, and friends.

37.     Defendant Eccher, as the Program Director for KOAA in February 2014, knew or should have known the content being aired on February 24th 2014 contained images of Plaintiff's erect penis, Plaintiff's name, and Plaintiff's contacts, family, and friends.

38.     Defendant Sheridan, as the Assignment Manager for KOAA in February of 2014, knew or should have known the content being aired on February 24, 2014 contained images of Plaintiff's erect penis, Plaintiff's name, and Plaintiff's contacts, family, and friends.

39.     Defendant Murphy, as the Content News Manager for KOAA in February 2014, knew or should have known the content being aired on February 24, 2014 contained images of Plaintiff's erect penis, Plaintiff's name, and Plaintiff's contacts, family, and friends.

40.     Defendant Duffy, as the News Director for KOAA in February 2014, knew or should have known the content being aired on February 24, 2014 contained images of Plaintiff's erect penis, Plaintiff's name, and Plaintiff's contacts, family, and friends.

41.     Defendant Lyden, as the New Anchor for KOAA in February 2014, knew or should have known the content being aired on February 24, 2014 contained images of the Plaintiff's erect penis, Plaintiff's name, and Plaintiff's contact, family, and friends.


**FIRST CLAIM FOR RELIEF**

(Sexual Exploitation of Children)

(18 U.S.C. §§ 2252 & 2255)

(All Defendants)

42.     Plaintiff Holden hereby incorporates as if fully set forth herein paragraphs one (1) through forty-one (41) above.

43.     Defendants knowingly received and distributed a sexually explicit visual depiction of a minor child over the broadcasting network of NBC and the Internet.

44.     Defendants knowingly aired and distributed this visual depiction for the benefit of their businesses engaged in the sale of news material.

45.     Plaintiff Holden suffered damages from the actions taken by the Defendants, including, but not limited to, emotional damage from the embarrassment of the story, loss of

friendships, alienation, relocation, depression, self-esteem problems, transfer of schools and education facilities, and other damages related to the mental and brain development of minor children.

46.     Plaintiff Holden's father and step mother suffered damages from the actions taken by the Defendants, including, but not limited to, loss of employment, loss of wages, loss of home, and forced relocation, all of which adversely affected and compounded the damages suffered by Plaintiff Holden.

## SECOND CLAIM FOR RELIEF

(Invasion of Privacy)

(Defendants: Prichard, Eccher, Sheridan, Murphy, Duffy, Lyden KOAA)

47.     Plaintiff hereby incorporates as if fully set forth herein paragraphs one (1) through forty-six (46) above.

48.     Defendants intentionally invaded the Plaintiff's privacy by publicly airing a private and sexually explicit image of the Plaintiff on February 24th 2014 at 5:00 p.m. as part of a news program, and by posting the image online on Defendant KOAA's website.

49.     The image displayed is very offensive to reasonable people.

50.     The Plaintiff has suffered damages as a result of the Defendant's actions, including, but not limited to, emotional damage from the embarrassment of the story, loss of friendships, alienation, relocation, depression, self-esteem problems, transfer of schools and education facilities, and other damages related to the mental and brain development of minor children.

51.     Plaintiff Holden's father and step mother suffered damages from the actions taken by the Defendants, including, but not limited to, loss of employment, loss of wages, loss of home,

and forced relocation, all of which adversely affected and compounded the damages suffered by Plaintiff Holden.

52.     The invasion of the Plaintiff's privacy was a cause of the Plaintiff's damages.

## THIRD CLAIM FOR RELIEF

(Invasion of Privacy)

(Defendants: Prichard, Eccher, Sheridan, Murphy, Duffy, Lyden, KOAA)

53.     Plaintiff hereby incorporates as if fully set forth herein paragraphs one (1) through fifty-two (52) above.

54.     Defendants used the Plaintiff's name in the broadcast aired on February 24th 2014, and in the story published online.

55.     The use of the Plaintiff's name was for the Defendants own purposes or benefit, commercially or otherwise.

56.     The Plaintiff has suffered damages as a result of the Defendant's actions, including, but not limited to, emotional damage from the embarrassment of the story, loss of friendships, alienation, relocation, depression, self-esteem problems, transfer of schools and education facilities, and other damages related to the mental and brain development of minor children.

57.     Plaintiff Holden's father and step mother suffered damages from the actions taken by the Defendants, including, but not limited to, loss of employment, loss of wages, loss of home, and forced relocation, all of which adversely affected and compounded the damages suffered by Plaintiff Holden.

58.     The Defendants' use of the Plaintiff's name was a cause of the Plaintiff's damages.

## FOURTH CLAIM FOR RELIEF

(Invasion of Privacy)

(Defendants:  Prichard, Eccher, Sheridan, Murphy, Duffy, Lyden, KOAA)

59.     Plaintiff hereby incorporates as if fully set forth herein paragraphs one (1) through fifty-eight (58) above.

60.     Defendants' made facts about the Plaintiff public, namely displaying private images of the Plaintiff, while naming the Plaintiff in connection with those images and facts

61.     Before this disclosure, the facts were private.

62.     A reasonable person would find the disclosure of those facts very offensive.

63.     At the time of the disclosure, the Defendants knew or should have known that the facts disclosed were private.

64.     The Plaintiff has suffered damages as a result of the Defendant's actions, including, but not limited to, emotional damage from the embarrassment of the story, loss of friendships, alienation, relocation, depression, self-esteem problems, transfer of schools and education facilities, and other damages related to the mental and brain development of minor children.

65.     Plaintiff Holden's father and step mother suffered damages from the actions taken by the Defendants, including, but not limited to, loss of employment, loss of wages, loss of home, and forced relocation, all of which adversely affected and compounded the damages suffered by Plaintiff Holden.

66.     The public disclosure of these facts were a cause of the Plaintiff's damages.

## FIFTH CLAIM FOR RELIEF

(Negligence)

(Defendants: Prichard, Eccher, Sheridan, Murphy, Duffy, Lyden, KOAA)

67.    Plaintiff hereby incorporates as if fully set forth herein paragraphs one (1) through sixty-six (66) above.

68.    Defendants owed a duty to Plaintiff not to air, publish, or otherwise disclose or share the sexually explicit images of the Plaintiff.

69.    Defendants breached their duty to Plaintiff by airing a news report showing the Plaintiff's private and sexually explicit images.

70.    Defendants breached their duty to Plaintiff by publishing the private and sexually explicit images of the Plaintiff online.

71.    The Plaintiff has suffered damages as a result of the Defendant's actions, including, but not limited to, emotional damage from the embarrassment of the story, loss of friendships, alienation, relocation, depression, self-esteem problems, transfer of schools and education facilities, and other damages related to the mental and brain development of minor children.

72.    Plaintiff Holden's father and step mother suffered damages from the actions taken by the Defendants, including, but not limited to, loss of employment, loss of wages, loss of home, and forced relocation, all of which adversely affected and compounded the damages suffered by Plaintiff Holden.

73.    The Defendants breach of their duty to Plaintiff was the cause of the Plaintiff's damages.

**SIXTH CLAIM FOR RELIEF**

(Negligent Training and Supervision)

(Defendants:  KOAA, Cordillera Communications, Inc., Evening Post Industries, NBC

Universal, Inc., COMCAST)

74.     Plaintiff hereby incorporates as if fully set forth herein paragraphs one (1) through seventy-three (73) above.

75.     Defendants owed a duty to Plaintiff to train and supervise its employees and subsidiaries to not allow illegal material to be aired on television or published online, specifically any sexually explicit images of minors.

76.     Defendant KOAA breached its duty to Plaintiff by failing to properly train and supervise its employees, specifically by allowing a story containing sexually explicit material concerning a minor to air and be published on the Defendant's website.

77.     Defendant Cordillera Communications, Inc. breached its duty to Plaintiff by failing to properly supervise the actions of its subsidiary KOAA when it aired and published the sexually explicit material of the Plaintiff.

78.     Defendant Evening Post Industries breached its duty to Plaintiff by failing to properly supervise the actions of the its subsidiary KOAA when it aired and published the sexually explicit material of the Plaintiff.

79.     Defendant NBC Universal, Inc., breached its duty to Plaintiff by failing to properly supervise the use of its broadcasting network by KOAA when it aired and published the sexually explicit material of the Plaintiff.

80.     Defendant COMCAST breached its duty to Plaintiff by failing to properly supervise the actions of its subsidiary NBCU's management of the NBC broadcasting network, which resulted in the sexually explicit material of the Plaintiff being aired on the NBC broadcasting network.

81.     The Plaintiff has suffered damages as a result of the Defendant's actions, including, but not limited to, emotional damage from the embarrassment of the story, loss of friendships, alienation, relocation, depression, self-esteem problems, transfer of schools and education facilities, and other damages related to the mental and brain development of minor children.

82.     Plaintiff Holden's father and step mother suffered damages from the actions taken by the Defendants, including, but not limited to, loss of employment, loss of wages, loss of home, and forced relocation, all of which adversely affected and compounded the damages suffered by Plaintiff Holden.

83.     Defendants' breach of their duty to Plaintiff was the cause of the damages to Plaintiff.

## SEVENTH CLAIM FOR RELIEF

### (Negligence *Per Se*)

### (All Defendants)

84.     Plaintiff hereby incorporates as if fully set forth herein paragraphs one (1) through eighty-three (83) above.

85.     On February 24th 2014, a statute entitled "Sexual Exploitation of a Child" was in effect in Colorado and codified under the Colorado Revised Statutes section 18-6-403.

86.     Defendants owed a duty to Plaintiff not to violate any statutes in the state of Colorado.

87.  Defendants breached their duty to Plaintiff on February 24th 2014 by knowingly and for any purpose, preparing, arranging for, publishing (including but not limited to publishing through digital or electronic means), producing, promoting, making, selling, financing, offering, exhibiting, advertising, dealing in, or distributing (including but not limited to distributing through digital or electronic means) sexually exploitative material.

88.  The Plaintiff has suffered damages as a result of the Defendant's actions, including, but not limited to, emotional damage from the embarrassment of the story, loss of friendships, alienation, relocation, depression, self-esteem problems, transfer of schools and education facilities, and other damages related to the mental and brain development of minor children.

89.  Plaintiff Holden's father and step mother suffered damages from the actions taken by the Defendants, including, but not limited to, loss of employment, loss of wages, loss of home, and forced relocation, all of which adversely affected and compounded the damages suffered by Plaintiff Holden.

90.  Defendants' breach of their duty to Plaintiff was the cause of the damages to Plaintiff.

## EIGHTH CLAIM FOR RELIEF

(Defamation)

(Defendants: Prichard, Eccher, Sheridan, Murphy, Duffy, Lyden, KOAA)

91.  Plaintiff hereby incorporates as if fully set forth herein paragraphs one (1) through ninety (90) above.

92.  Defendants published or caused to be published, a sexually explicit image of the Plaintiff, specifically an image of the Plaintiff's erect penis taken when the Plaintiff was a minor.  This image was published with the Plaintiff's name attached to it.

93.    Defendant's published the image of the Plaintiff in the Plaintiff's local community as well as nationally online.

94.    The Plaintiff is a private person and the image of the Plaintiff's penis was a private matter.

95.    The Plaintiff has suffered damages as a result of the Defendant's actions, including, but not limited to, emotional damage from the embarrassment of the story, loss of friendships, alienation, relocation, depression, self-esteem problems, transfer of schools and education facilities, and other damages related to the mental and brain development of minor children.

96.    Plaintiff Holden's father and step mother suffered damages from the actions taken by the Defendants, including, but not limited to, loss of employment, loss of wages, loss of home, and forced relocation, all of which adversely affected and compounded the damages suffered by Plaintiff Holden.

97.    Defendants' actions were the cause of the damages to Plaintiff.

## NINTH CLAIM FOR RELIEF

(Extreme Conduct)

(Defendants:  Prichard, Eccher, Sheridan, Murphy, Duffy, Lyden, KOAA)

98. Plaintiff hereby incorporates as if fully set forth herein paragraphs one (1) through ninety-seven (97) above.

99. Defendants engaged in extreme and outrageous conduct by recklessly, or with intent to cause harm to the Plaintiff, airing and publishing a sexually explicit image of the Plaintiff, when the Plaintiff was a minor.

100.  Defendants knew or should have known that there was a substantial probability that airing and/or publishing the sexually explicit image of the Plaintiff would cause severe emotional distress to the Plaintiff.

101.  The Plaintiff has suffered damages as a result of the Defendant's actions, including, but not limited to, sever emotional damage from the embarrassment of the story, loss of friendships, alienation, relocation, depression, self-esteem problems, transfer of schools and education facilities, and other damages related to the mental and brain development of minor children.

102.  Plaintiff Holden's father and step mother suffered damages from the actions taken by the Defendants, including, but not limited to, loss of employment, loss of wages, loss of home, and forced relocation, all of which adversely affected and compounded the damages suffered by Plaintiff Holden.

103.  Defendants' actions were the cause of the damages to the Plaintiff.

## TENTH CLAIM FOR RELIEF

(Civil Conspiracy)

(Defendants:  Prichard, Eccher, Sheridan, Murphy, Duffy, Lyden, KOAA)

104.  Plaintiff hereby incorporates as if fully set forth herein paragraphs one (1) through one-hundred and three (103) above.

105.  Defendants agreed, by words or conduct, to accomplish a goal through unlawful means. Specifically, Defendants agreed by conduct to air and publish a story about the Plaintiff being blackmailed with a sexually explicit video, and that as part of their story they would air

and publish an image of that video, which still showed a sexually explicit image of the Plaintiff.

106.    Defendants aired and published the news story in violation of both state and federal laws against the sexual exploitation of children, specifically 18 U.S.C. 2252-2255 and C.R.S. 18-6-403.

107.    The Plaintiff has suffered damages as a result of the Defendant's actions, including, but not limited to, severe emotional damage from the embarrassment of the story, loss of friendships, alienation, relocation, depression, self-esteem problems, transfer of schools and education facilities, and other damages related to the mental and brain development of minor children.

108.    Plaintiff Holden's father and step mother suffered damages from the actions taken by the Defendants, including, but not limited to, loss of employment, loss of wages, loss of home, and forced relocation, all of which adversely affected and compounded the damages suffered by Plaintiff Holden.

109.    Defendants' actions were the cause of the damages to the Plaintiff

## ELEVENTH CLAIM FOR RELIEF

(Respondeat Superior)

(All Defendants)

110.    Plaintiff hereby incorporates as if fully set forth herein paragraphs one (1) through one-hundred and nine (109) above.

111.    Defendants, Prichard, Eccher, Sheridan, Murphy, Duffy, and Lyden are all employees of KOAA and by preparing a news story they were acting within the scope of their employment

on February 24th 2014, and the actions taken by those defendants' were the actions of KOAA.

112.   Defendant, KOAA is an agent of Cordillera Communications and Evening Post Industries.  In preparing, airing, and publishing the news story, KOAA was acting within the scope of its agency and authority as an agent of Cordillera Communications and Evening Post Industries.

113.   Defendant NBC Universal is an agent of COMCAST.  In airing the new story prepared by KOAA on February 24th 2014 across the NBC broadcast network, NBCU was acting within the scope of its agency and authority as an agent of COMCAST.

## TWELFTH CLAIM FOR RELIEF

### (Willful and Wanton Conduct)

(Defendants:  Prichard, Eccher, Sheridan, Murphy, Duffy, Lyden, and KOAA)

114.   Plaintiff hereby incorporates as if fully set forth herein paragraphs one (1) through one-hundred and thirteen (113) above.

115.   Defendants' knew or should have known of the content of their news broadcast.

116.   Airing or publishing the content of the news broadcast that was prepared on February 24th 2014 created a higher than normal risk of harm than other news broadcasts typically prepared by the Defendants.

117.   Defendants acted without appropriate or proper justification when they aired and published the news story, showing a sexually explicit image of the Plaintiff, who was a minor, on February 24th, 2014.

118.    The Plaintiff has suffered damages as a result of the Defendant's actions, including, but

not limited to, emotional damage from the embarrassment of the story, loss of friendships,

alienation, relocation, depression, self-esteem problems, transfer of schools and education

facilities, and other damages related to the mental and brain development of minor children.

119.    Plaintiff Holden's father and step mother suffered damages from the actions taken by the

Defendants, including, but not limited to, loss of employment, loss of wages, loss of home,

and forced relocation, all of which adversely affected and compounded the damages suffered

by Plaintiff Holden.


**WHEREFORE,** Plaintiff requests a Trial to a Jury and hereby prays for judgment as and against

the Defendant for all claims as follows:

    A.    For Special Damages;

    B.    For Actual Damages;

    C.    For non-economic Damages in excess of $1,000,000.00;

    D.    For Damages based upon exceptional circumstances;

    E.    For Punitive Damages;

    F.    For all prejudgment interest, post-judgment interest, and other interests allowed at

        law;

    G.    For attorney fees and costs; and

    H.    For such other and further relief as this Court deems just and proper.

**DATED** this 29th day of January, 2016.

Respectfully submitted,

Matthew L. Schneider
102 S. Tejon, Suite 1100
Colorado Springs, CO 80903
Phone: (719)640-2420
E-mail: mlschneiderlaw@gmail.com
Attorney for Plaintiff

Address of Plaintiff:
P.O. Box 934,
Hollywood, SC, 29449